{¶ 22} Respectfully, I dissent.
 {¶ 23} The majority cites Harris v. Mt. Sinai Med. Ctr,116 Ohio St.3d 139, 2007-Ohio-5587, as dispositive of its decision to affirm the order of the trial judge for a new trial in this matter. I do not believe that the Harris case applies to the issue sub judice, and, further, even if the holding of Harris does apply, that holding would require reversal of the order for new trial.
 {¶ 24} The Ohio Supreme Court in Harris affirmed a trial judge's decision to order a new trial pursuant to Civ.R. 59 (A)(1), (2), and (4). In pertinent part, those sections hold that a court may grant a new trial if the record reflects competent, credible evidence that there was: 1) irregularity in the proceedings by which the *Page 8 
aggrieved party was prevented from obtaining a fair trial; 2) misconduct of the jury or prevailing party; and 3) excessive or inadequate damages appearing to have been given under the influence of passion or prejudice.
 {¶ 25} In this case, the trial court cited no section of Rule 59 upon which it relied in ordering the new trial, so we are left to analyze the words of the entry in order to determine the rationale for the court's ruling. The trial court stated:
 {¶ 26} "It is apparent that the jury in this case, apparently being in a great hurry to go home at the end of the day, failed to give adequate consideration to the testimony of all witnesses, and rendered a verdict that is not supported by the weight of the evidence."
 {¶ 27} The court gave no reason that the verdict was against the weight of the evidence and, in fact, the record is replete with ample evidence that plaintiff was negligent in causing the accident.[4] Even the footnote of the majority points out that the passenger settled with the plaintiff for her injuries. A verdict finding negligence on behalf of the plaintiff is consistent with that settlement. While there seems to be agreement of the parties that the deliberations in this matter took place in less than an hour, the verdict was unanimous, wholly consistent with the interrogatories, and, further, consistent with evidence produced by both parties. The law prescribes no *Page 9 
period of time which a jury must deliberate, and a quick verdict is no more suspect than a slow one.
 {¶ 28} In granting a new trial, the trial court stated further:
 {¶ 29} "In addition, it is apparent that the jury entirely failed to consider the claims of the two plaintiffs separately. Since the passenger cannot be charged with contributory negligence, the jury must in its haste have concluded that Defendant was guilty of no wrongdoing, notwithstanding the statute which applies to this case."
 {¶ 30} The court seems to suggest in this finding that the jury returned the wrong verdict because it misunderstood the concept of contributory negligence. I am constrained to point out that the doctrine of contributory evidence was discarded by the State of Ohio over twenty years ago. It did not control deliberations here; the jury was, through the interrogatories, more-or-less correctly instructed on comparative negligence and their answers to the interrogatories are consistent with that concept and likewise consistent with the verdict rendered by the jury.
 {¶ 31} I agree with the majority that the standard of review in determining whether the court erred in ordering a new trial is abuse of discretion, and, further, if there is competent credible evidence in the record that supports the judge's decision to order a new trial, the court will not be seen to have abused its discretion. In this case, however, there is no evidence whatsoever, let alone competent and credible evidence, of any reason whatsoever to order a new trial. The judgment of the trial court ordering a new trial should be vacated and the matter referred back with *Page 10 
direction to enter judgment for the defendant consistent with the unanimous verdict of the jury.
[4] The court in its decision and the majority in its opinion go to some length to analyze traffic statutes to conclude there was evidence as to fault by the defendant. However, it is dispositive of this issue that the jury was not instructed as to these statutes, neither party requested instruction on these statutes, and neither party objected to their absence from the instructions. *Page 1